**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Linda M. Ousley, Debtor                    Case No. 24-02132-JAW
                                                    CHAPTER 13

## APPLICATION TO BE EMPLOYED AS SPECIAL COUNSEL *NUNC PRO TUNC*

COMES NOW Morgan & Morgan ("Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 327(e), Federal Rule of Bankruptcy Procedure 2014(a), and Mississippi Bankruptcy Local Rule 2014-1, files this Application for authority to serve as special counsel for the Debtor, retroactive to the commencement of its services, and states as follows:

1. The Debtor has a post-petition personal-injury claim arising from a September 18, 2025 motor-vehicle collision. Applicant was retained to investigate and prosecute that claim under a written contingent-fee agreement on April 10, 2026.

2. The contemplated employment is for a specified special purpose: prosecution and resolution of the personal-injury claim, including the pending civil action. Applicant will not serve as general bankruptcy counsel or advise the Debtor concerning administration of this Chapter 13 case.

3. Applicant has already investigated the claim, filed suit, and advanced the matter into discovery. Those services preserved and developed a potential asset whose recovery, after payment of allowed fees, costs, and any valid liens, may benefit the bankruptcy estate and its creditors.

4. The Application was not filed earlier because the Debtor did not inform Applicant of the bankruptcy when Applicant was retained or when suit was filed. Applicant first learned of the bankruptcy from the Debtor during discovery. Applicant therefore rendered the earlier services without knowledge that prior approval of its employment in this case had not been obtained.

5. After learning of the bankruptcy, Applicant communicated with the Debtor's bankruptcy counsel and the Chapter 13 Trustee. Debtor's bankruptcy counsel advised that the Court would be placed on notice of the personal-injury claim, and the Trustee requested that Applicant assist in obtaining authority for Morgan & Morgan to serve as special counsel. Applicant now seeks approval promptly to regularize its status and proceed under this Court's supervision.

6. Retroactive authority is necessary to encompass the services Applicant performed before learning of the bankruptcy, permit orderly continuation of the pending litigation, and preserve Applicant's ability to request compensation for those services. Any compensation or reimbursement remains subject to separate application, notice, and approval by this Court; this Application does not seek approval or allowance of any fee or expense.

7. Approval should not prejudice any party in interest. The underlying claim will remain subject to the Bankruptcy Code and this Court's jurisdiction; no settlement proceeds may be distributed except as authorized; all parties retain the right to object to any settlement, fee, cost, lien, or proposed distribution; and Applicant will receive no compensation unless and until the Court approves it. Conversely, denial of retroactive authority could impair prosecution of a potentially valuable estate asset and unfairly penalize Applicant for a delay caused by its lack of notice of the bankruptcy.

8. Applicant was selected because of its experience and resources in personal-injury litigation and because it has handled the claim from its outset. Requiring substitute counsel at the discovery stage would risk duplication, delay, and additional expense.

9. As set forth in the verified statement attached as Exhibit "A," Applicant does not represent or hold an interest adverse to the Debtor or the estate with respect to the personal-injury matter and is eligible for employment under 11 U.S.C. § 327(e).

10. Applicant's compensation is governed by the written contingent-fee agreement. The agreement is disclosed with this Application, but neither the agreement nor any compensation is approved by the requested order. Fees and reimbursement of expenses will be sought separately and will not exceed fifty percent (50%) of the gross recovery.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully requests that the Court enter the proposed Order authorizing Morgan & Morgan to serve as special counsel for the limited purpose described above, effective as of the commencement of its services, and granting such other relief as is just and proper.

Respectfully submitted,

Morgan & Morgan, APPLICANT

BY:

 /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

DocuSign Envelope ID: DF721D6C-12B4-411C-B844-FD7F8E9DA646

# MORGAN & MORGAN

## MORGAN & MORGAN PLLC ®
## A MISSISSIPPI PROFESSIONAL LIMITED LIABILITY COMPANY
### 4450 Old Canton Road • SUITE 200 • JACKSON, MISSISSIPPI 39211
### Telephone: (601) 949-3388   Facsimile: (601) 949-3399

### Retainer Agreement

This retainer agreement is between **Morgan & Morgan PLLC® A Mississippi Professional Limited Liability Company** ("The Firm") and ___9\18\25_____ (hereinafter Client). This retainer agreement surrounds a civil claim for money damages arising out of _____. This retainer agreement is not valid until it has been signed below by The Firm.   The Client and The Firm agree as follows:

(1)     **Attorney Fee**:  The Firm shall provide legal services and represent Client in the above-referenced civil claim and shall receive as an attorney fee forty percent (40%) of the total monetary recovery in this matter.   Once a jury is empaneled, The Firm shall receive as an attorney fee forty five (45%) of the total monetary recovery. The attorney fee payable to The Firm is calculated off the total monetary recovery BEFORE any legal costs and expenses are deducted.

(2)     **Legal Costs and Expenses**: The Firm shall advance all legal costs and expenses directly related to the investigation and prosecution of the above-referenced civil claim. Legal costs include, but are not limited to, cash and non-cash expenditures for:  investigator mileage to and from the initial sign up meeting, court filing fees, medical records charges, experts, mediation fees, subpoenas and deposition costs, witness fees, long distance telephone calls, facsimiles, photocopies, postage, in-house printing, travel, parking, investigative services and all other costs necessary for proper performance of legal services.  In the event that The Firm withdraws from the case, The Firm reserves the right to be reimbursed for said costs if a recovery is made by another firm.  The legal costs and expenses paid by The Firm will be deducted from the total monetary recovery *AFTER* the payment of the attorney fee.

(3)     **Payment To Client:** The payment to the Client shall be the funds remaining after the payment of the attorney fee to The Firm and the reimbursement of legal costs and expenses to The Firm as well as payment of any liens recognized under the laws of Mississippi.

(4)     **Settlement:**   If a settlement option is presented as an alternative to a trial, the client must be in agreement with the option selected.

DocuSign Envelope ID: DF721D870C1E4411C-8893-F07F8E9DA646

(5)     **No Recovery:** If no recovery is obtained in the above reference civil action, the Client shall not be responsible for the payment of any attorney fee, legal costs or expenses to The Firm.

(6)     **Appeal of Case:** The Firm has sole discretion to determine whether or not The Firm will represent the client on an appeal.  If The Firm determines an appeal is not warranted, the file will be given to Client to proceed further.

(7)     **Dismissing The Firm:** If Client seeks to dismiss The Firm and hire another lawyer to represent the Client on the above referenced civil claim, Client hereby agrees that The Firm shall have a lien against any recovery by the Client for all of The Firm's legal costs and expenses, and for a reasonable attorney fee measured by the value of services provided by The Firm.

(8)     **Contact:** I understand and agree that The Firm may contact me at any phone number (including mobile, cellular wireless, or similar devices) or email address I provide at any time, for any lawful purpose. The ways in which The Firm may contact me include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text messaging systems or email. Phone numbers and email addresses I provide include those I give to The Firm, those from which I contact The Firm or which we obtain through other means. I also understand and agree that The Firm may monitor and or record any of my phone conversations with The Firm representatives.

(9)     **Media and Advertisement:** I provide my consent for the Firm and its attorneys to publish the results of my case including, without limitation, trial verdicts, arbitration awards, settlement amounts (without disclosing the names of the parties where confidential), and/or fee awards in advertisements and other media.

(10)     **Association Of Additional Lawyers By The Firm:** Client agrees to allow The Firm to associate any other lawyers it deems reasonably necessary in prosecution of said claim. Such association of additional lawyers shall not alter or effect the fee agreement paid by Client.

(11)     **Arbitration:** In the event of any dispute, disagreement, claim or controversy between Client and Morgan & Morgan PLLC or any attorneys or other employees or agents of Morgan & Morgan PLLC, Client and Morgan & Morgan PLLC agree that any and all such disputes will, at the election of either of the parties, be resolved through the process of binding arbitration under the rules of the American Arbitration Association, regardless of when the dispute arose or the subject matter of the dispute.  This specifically includes disputes over the validity, enforceability or scope of this arbitration provision and any disputes over the arbitrability of any disputes between Client and Morgan & Morgan PLLC.

(12)     **Entire Agreement:** With respect to the issues presented herein this retainer agreement constitutes the entire agreement between the Client and The Firm.

MMPI MS V03032022

DocuSign Envelope ID: DF721D6C-12E4-411C-BE94-FD1FAE9DA4C6

(13)     **State of Mississippi**: This retainer agreement shall be construed under the laws of the State of Mississippi

DATE: 4/10/26

X _Linda M. Brown_

CLIENT                                                MORGAN & MORGAN PLLC


## ASSOCIATING ATTORNEY AGREEMENT

I understand and consent to MORGAN & MORGAN PLLC associating in this matter with
_____, and that of the applicable fees in this agreement, 75% shall be paid to MORGAN & MORGAN PLLC and 25% to the associating attorney.

I understand that in no event, however, shall I incur any additional legal fees or charges by virtue of said employment of co-counsel. Co-counsel shall assume the same legal responsibilities to me for the performance of legal services as MORGAN & MORGAN PLLC and will be available for consultation with me.

The above employment is hereby accepted upon the terms and conditions stated herein.

DATE


CLIENT                                                MORGAN & MORGAN PLLC


                                                      ASSOCIATING ATTORNEY

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Application were forwarded on July 31, 2026, to:

By USPS First Class Mail:

Debtor

By Electronic CM/ECF Notice:

Case Trustee

U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.