**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:     Linda M. Ousley, Debtor                    Case No. 24-02132-JAW
                                                                              CHAPTER 13

## NOTICE

Morgan & Morgan has filed an Application seeking authority to serve as special counsel for the Debtor, retroactive to the commencement of its services.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

**If you do not want the Court to grant the Application, or if you want the Court to consider your views, you or your attorney must file a written request for hearing within twenty-one (21) days after service of this Notice.**

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

If you mail your request to the Court for filing, you must mail it early enough for the Court to receive it within the twenty-one-day period.

You must also mail a copy to Morgan & Morgan's attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief, which shall sustain this Application.

Date: July 31, 2026.            Signature:   /s/ Thomas C. Rollins, Jr.
                                                           Thomas C. Rollins, Jr. (MSBN 103469)
                                                           Jennifer A Curry Calvillo (MSBN 104367)
                                                           The Rollins Law Firm, PLLC
                                                           P.O. Box 13767
                                                           Jackson, MS 39236
                                                           601-500-5533
                                                           trollins@therollinsfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   **Linda M. Ousley, Debtor**                                        **Case No. 24-02132-JAW**
                                                                                    **CHAPTER 13**

### <u>APPLICATION TO BE EMPLOYED AS SPECIAL COUNSEL *NUNC PRO TUNC*</u>

COMES NOW Morgan & Morgan ("Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 327(e), Federal Rule of Bankruptcy Procedure 2014(a), and Mississippi Bankruptcy Local Rule 2014-1, files this Application for authority to serve as special counsel for the Debtor, retroactive to the commencement of its services, and states as follows:

1. The Debtor has a post-petition personal-injury claim arising from a September 18, 2025 motor-vehicle collision. Applicant was retained to investigate and prosecute that claim under a written contingent-fee agreement on April 10, 2026.

2. The contemplated employment is for a specified special purpose: prosecution and resolution of the personal-injury claim, including the pending civil action. Applicant will not serve as general bankruptcy counsel or advise the Debtor concerning administration of this Chapter 13 case.

3. Applicant has already investigated the claim, filed suit, and advanced the matter into discovery. Those services preserved and developed a potential asset whose recovery, after payment of allowed fees, costs, and any valid liens, may benefit the bankruptcy estate and its creditors.

4. The Application was not filed earlier because the Debtor did not inform Applicant of the bankruptcy when Applicant was retained or when suit was filed. Applicant first learned of the bankruptcy from the Debtor during discovery. Applicant therefore rendered the earlier services without knowledge that prior approval of its employment in this case had not been obtained.

5. After learning of the bankruptcy, Applicant communicated with the Debtor's bankruptcy counsel and the Chapter 13 Trustee. Debtor's bankruptcy counsel advised that the Court would be placed on notice of the personal-injury claim, and the Trustee requested that Applicant assist in obtaining authority for Morgan & Morgan to serve as special counsel. Applicant now seeks approval promptly to regularize its status and proceed under this Court's supervision.

6. Retroactive authority is necessary to encompass the services Applicant performed before learning of the bankruptcy, permit orderly continuation of the pending litigation, and preserve Applicant's ability to request compensation for those services. Any compensation or reimbursement remains subject to separate application, notice, and approval by this Court; this Application does not seek approval or allowance of any fee or expense.

7. Approval should not prejudice any party in interest. The underlying claim will remain subject to the Bankruptcy Code and this Court's jurisdiction; no settlement proceeds may be distributed except as authorized; all parties retain the right to object to any settlement, fee, cost, lien, or proposed distribution; and Applicant will receive no compensation unless and until the Court approves it. Conversely, denial of retroactive authority could impair prosecution of a potentially valuable estate asset and unfairly penalize Applicant for a delay caused by its lack of notice of the bankruptcy.

8. Applicant was selected because of its experience and resources in personal-injury litigation and because it has handled the claim from its outset. Requiring substitute counsel at the discovery stage would risk duplication, delay, and additional expense.

9. As set forth in the verified statement attached as Exhibit "A," Applicant does not represent or hold an interest adverse to the Debtor or the estate with respect to the personal-injury matter and is eligible for employment under 11 U.S.C. § 327(e).

10. Applicant's compensation is governed by the written contingent-fee agreement. The agreement is disclosed with this Application, but neither the agreement nor any compensation is approved by the requested order. Fees and reimbursement of expenses will be sought separately and will not exceed fifty percent (50%) of the gross recovery.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully requests that the Court enter the proposed Order authorizing Morgan & Morgan to serve as special counsel for the limited purpose described above, effective as of the commencement of its services, and granting such other relief as is just and proper.

Respectfully submitted,

Morgan & Morgan, APPLICANT

BY:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

DocuSign Envelope ID: DF721D6C-12B4-411C-B844-FD7F8E9DA6A6

# MORGAN & MORGAN

## MORGAN & MORGAN PLLC ®
### A MISSISSIPPI PROFESSIONAL LIMITED LIABILITY COMPANY
4450 Old Canton Road ● SUITE 200 ● JACKSON, MISSISSIPPI 39211
Telephone: (601) 949-3388  Facsimile: (601) 949-3399

### Retainer Agreement

This retainer agreement is between **Morgan & Morgan PLLC® A Mississippi Professional Limited Liability Company** ("The Firm") and ____9|18|25____ (hereinafter Client). This retainer agreement surrounds a civil claim for money damages arising out of _____. This retainer agreement is not valid until it has been signed below by The Firm. The Client and The Firm agree as follows:

(1)     **Attorney Fee:** The Firm shall provide legal services and represent Client in the above-referenced civil claim and shall receive as an attorney fee forty percent (40%) of the total monetary recovery in this matter. Once a jury is empaneled, The Firm shall receive as an attorney fee forty five (45%) of the total monetary recovery. The attorney fee payable to The Firm is calculated off the total monetary recovery BEFORE any legal costs and expenses are deducted.

(2)     **Legal Costs and Expenses:** The Firm shall advance all legal costs and expenses directly related to the investigation and prosecution of the above-referenced civil claim. Legal costs include, but are not limited to, cash and non-cash expenditures for:  investigator mileage to and from the initial sign up meeting, court filing fees, medical records charges, experts, mediation fees, subpoenas and deposition costs, witness fees, long distance telephone calls, facsimiles, photocopies, postage, in-house printing, travel, parking, investigative services and all other costs necessary for proper performance of legal services. In the event that The Firm withdraws from the case, The Firm reserves the right to be reimbursed for said costs if a recovery is made by another firm. The legal costs and expenses paid by The Firm will be deducted from the total monetary recovery *AFTER* the payment of the attorney fee.

(3)     **Payment To Client:** The payment to the Client shall be the funds remaining after the payment of the attorney fee to The Firm and the reimbursement of legal costs and expenses to The Firm as well as payment of any liens recognized under the laws of Mississippi.

(4)     **Settlement:**   If a settlement option is presented as an alternative to a trial, the client must be in agreement with the option selected.

DocuSign Envelope ID: DF721D8751E4-4110-B893-F02F8E9DA646

(5)     **No Recovery**: If no recovery is obtained in the above reference civil action, the Client shall not be responsible for the payment of any attorney fee, legal costs or expenses to The Firm.

(6)     **Appeal of Case:** The Firm has sole discretion to determine whether or not The Firm will represent the client on an appeal. If The Firm determines an appeal is not warranted, the file will be given to Client to proceed further.

(7)     **Dismissing The Firm:** If Client seeks to dismiss The Firm and hire another lawyer to represent the Client on the above referenced civil claim, Client hereby agrees that The Firm shall have a lien against any recovery by the Client for all of The Firm's legal costs and expenses, and for a reasonable attorney fee measured by the value of services provided by The Firm.

(8)     **Contact:** I understand and agree that The Firm may contact me at any phone number (including mobile, cellular wireless, or similar devices) or email address I provide at any time, for any lawful purpose. The ways in which The Firm may contact me include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text messaging systems or email. Phone numbers and email addresses I provide include those I give to The Firm, those from which I contact The Firm or which we obtain through other means. I also understand and agree that The Firm may monitor and or record any of my phone conversations with The Firm representatives.

(9)     **Media and Advertisement:** I provide my consent for the Firm and its attorneys to publish the results of my case including, without limitation, trial verdicts, arbitration awards, settlement amounts (without disclosing the names of the parties where confidential), and/or fee awards in advertisements and other media.

(10)     **Association Of Additional Lawyers By The Firm:** Client agrees to allow The Firm to associate any other lawyers it deems reasonably necessary in prosecution of said claim. Such association of additional lawyers shall not alter or effect the fee agreement paid by Client.

(11)     **Arbitration:** In the event of any dispute, disagreement, claim or controversy between Client and Morgan & Morgan PLLC or any attorneys or other employees or agents of Morgan & Morgan PLLC, Client and Morgan & Morgan PLLC agree that any and all such disputes will, at the election of either of the parties, be resolved through the process of binding arbitration under the rules of the American Arbitration Association, regardless of when the dispute arose or the subject matter of the dispute. This specifically includes disputes over the validity, enforceability or scope of this arbitration provision and any disputes over the arbitrability of any disputes between Client and Morgan & Morgan PLLC.

(12)     **Entire Agreement:** With respect to the issues presented herein this retainer agreement constitutes the entire agreement between the Client and The Firm.

MMPI MS V030320122

Envelope ID: DF721D60-12E4-411C-8E94-F07AE90A0B

(13)    **State of Mississippi:** This retainer agreement shall be construed under the laws of the State of Mississippi

DATE  4/10/26

X _Linda M. Brown_
CLIENT                                MORGAN & MORGAN PLLC


## ASSOCIATING ATTORNEY AGREEMENT

I understand and consent to MORGAN & MORGAN PLLC associating in this matter with _____, and that of the applicable fees in this agreement, 75    shall be paid to MORGAN & MORGAN PLLC and 25    to the associating attorney.

I understand that in no event, however, shall I incur any additional legal fees or charges by virtue of said employment of co-counsel  Co-counsel shall assume the same legal responsibilities to me for the performance of legal services as MORGAN & MORGAN PLLC and will be available for consultation with me.

The above employment is hereby accepted upon the terms and conditions stated herein.

DATE


CLIENT                                MORGAN & MORGAN PLLC



                                      ASSOCIATING ATTORNEY

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:  Linda M. Ousley, Debtor                  Case No. 24-02132-JAW
                                                                          CHAPTER 13

**AFFIDAVIT OF ATTORNEY**

STATE OF MISSISSIPPI

COUNTY OF _Hinds_

_Samuel F. Creasey_ of Morgan & Morgan, being first duly sworn in connection with the Application to employ Morgan & Morgan as special counsel for the Debtor, states as follows:

1. That, to the best of my knowledge, I represent no interest adverse to said Debtor, Trustee or the Estate of the Debtor in the matters upon which I am to be engaged and that I am a disinterested party, except as set out below.

2. That, to the best of my knowledge, I have no connection or affiliation with the Debtor, Trustee, creditors, or other parties in interest herein, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set out below.

3. The services are rendered under a written contingent-fee agreement disclosed with the Application, subject in all respects to approval of compensation and expenses by the Bankruptcy Court.

4. For purposes of full disclosure, the following exceptions and notations are made:

   a. Morgan & Morgan represents the Debtor only in connection with prosecution of the Debtor's post-petition personal-injury claim. The firm did not learn of

the Debtor's bankruptcy until the pending civil action reached discovery and, upon learning of it, communicated with bankruptcy counsel and the Chapter 13 Trustee regarding approval of its limited employment.

FURTHER, AFFIANT SAITH NOT.

Dated this the 23rd day of ___July___, 20 26 .

X _____

By: ___Samuel F. Creasey___

SWORN TO AND SUBSCRIBED BEFORE ME, this the 23rd day of ___July___, 20 26 .

_____
NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID# 158447
SEBASTIAN ELIZABETH MURDOCH
Commission Expires
Aug. 27, 2028
HINDS COUNTY

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Application were forwarded on July 31, 2026, to:

By USPS First Class Mail:

Debtor

By Electronic CM/ECF Notice:

Case Trustee

U.S. Trustee

<u>/s/ Thomas C. Rollins, Jr.</u>
Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

LINDA M OUSLEY

CASE NO: 24-02132

**DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**

Chapter: 13

On 7/31/2026, I did cause a copy of the following documents, described below,

Notice and Application to Employ Special Counsel

Exhibit A

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/31/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

LINDA M OUSLEY

CASE NO: 24-02132

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 7/31/2026, a copy of the following documents, described below,

Notice and Application to Employ Special Counsel

Exhibit A

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/31/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 24-02132
SOUTHERN DISTRICT OF MISSISSIPPI
FRI JUL 31 7-1-49 PST 2026

ALLY SERVICING LLC AS SERVICER ON BEHALF OF
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

BANKPLUSA MISSISSIPPI BANKING CORPORATION
CO SIMPSON LAW FIRM PA
PO BOX 2058
MADISON  MS 39130-2058

EXCLUDE

(U)BANKPLUS  A MISSISSIPPI BANKING CORPORATION

CAPITAL ONE AUTO FINANCE  A DIVISION OF CAPI
AIS PORTFOLIO SERVICES  LP
4515 N SANTA FE AVE
OKLAHOMA CITY  OK 73118-7901

CAPITAL ONE AUTO FINANCE  A DIVISION OF CAPI
CO AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

EXCLUDE

US BANKRUPTCY COURT
THAD COCHRAN US COURTHOUSE
501 E COURT STREET
SUITE 2300
JACKSON  MS 39201-5036

ALLY
PO BOX 71119
CHARLOTTE  NC 28272-1119

ALLY SERVICING LLC AS SERVICER ON BEHALF OF
TREE FINANCE LLC
CO AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

EXCLUDE

(P)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

BANKPLUS
1068 HIGHLAND COLONY PKWY
RIDGELAND  MS 39157-8807

(D)BANKPLUS  A MISSISSIPPI BANKING CORPORATION
CO SIMPSON LAW FIRM PA
P O BOX 2058
MADISON MS 39130-2058

EXCLUDE

CAPITAL ONE
P O BOX 60519
CITY OF INDUS  CA 91716-0519

CAPITAL ONE AUTO
FINANCE
PO BOX 60511
CITY OF INDUS  CA 91716-0511

(D)CAPITAL ONE AUTO FINANCE  A DIVISION OF CAPI
CO AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY OK 73118-7901

CHRYSLER CAPITAL
PO BOX 961275
FORT WORTH  TX 76161-0275

FMOLHS BILLING SERV
PO BOX 677963
DALLAS  TX 75267-7963

FRANCISCAN MISSIONAR
OF OUR LADY
PO BOX 679302
DALLAS  TX 75267-9302

EXCLUDE

FRANKLIN MADISON GROUP
120 BRENTWOOD COMMONS
WAY 700
BRENTWOOD  TN 37027-2025

(D)(P)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

JOHN S SIMPSON  ESQ
SIMPSON LAW FIRM  PA
FOR BANKPLUS  A MISSISSIPPI BANKING CORP
PO BOX 2058
MADISON  MS 39130-2058

LVNV FUNDING  LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE  SC 29603-0587

LAKELAND RADIOLOGISTS
P O BOX 23073
JACKSON  MS 39225-3073

MEMBERS EXCHANGE CU
P O BOX 31049
JACKSON  MS 39286-1049

MEMBERS EXCHANGE FEDERAL CREDIT UNION
P O BOX 31049
JACKSON  MS 39286-1049

MILESTONE
CONCORA CREDIT
PO BOX 4477
BEAVERTON  OR 97076-4401

QUANTUM3 GROUP LLC AS AGENT FOR
CONCORA CREDIT INC
PO BOX 788
KIRKLAND  WA  98083-0788

SANTANDER CONSUMER USA  INC
DBA CHRYSLER CAPITAL
1601 ELM ST  SUITE 800
DALLAS  TX 75201-7260

EXCLUDE

UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6-430
JACKSON  MS 39201-5022

EXCLUDE

HAROLD J BARKLEY JR
PO BOX 4476
JACKSON  MS 39296-4476

DEBTOR

JORDAN L ASH
ASH LAW FIRM  PLLC
1818 CRANE RIDGE DRIVE
STE 100
JACKSON  MS 39216-4912

LINDA M OUSLEY
531 CATLETT RD
MADISON  MS 39110-8251